UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**ALEESHA DEDRICH,**
an individual

        Plaintiff,

v.

**THE ALLEGAN COUNTY RESOURCE
DEVELOPMENT COMMITTEE, INC.,**
a domestic for profit corporation, d/b/a
**COMMUNITY ACTION OF ALLEGAN
COUNTY,** and **ACCESSPOINT HUMAN
RESOURCES,** a domestic limited liability company,
and **LISA EVANS,** an individual,

        Defendants.

Case No.

HON.

_____/
**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Victoria L. Smalley (80179)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

### **INTRODUCTION**

1.     This is a civil action brought by Plaintiff, Aleesha Dedrich, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411,

et seq., as well as Defendant Lisa Evan's unlawful retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

2. During the period of the parties' employment relationship, Defendants failed to pay overtime at a rate of one and one-half times the regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiff for all hours worked.

4. Defendants informed Plaintiff that she was not allowed to clock any hours before 8:00 a.m. and after 4:00p.m. even if she worked more hours.

5. Defendants actively misled Plaintiff about her rights to receive payment for all hours worked and payment at a rate of time-and-one-half the regular rate of pay for her hours of overtime worked.

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. Defendant businesses' annual sales exceed $500,000, and Defendants employs more than two persons, so the FLSA applies in this case on an enterprise basis.

8. Defendant businesses' employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

9. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

10. Supplemental jurisdiction is appropriate because Plaintiff's state law claim shares a common nucleus of operative fact with Plaintiff's federal claims and they are most efficiently resolved together in one court.

11. Defendant corporations are and were at all times relevant incorporated in the State of Michigan and had their principal place of business located in Kent County, Michigan, within the United States Judicial District of the Western District of Michigan.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## **PARTIES**

13. Plaintiff Dedrich is an individual residing in the County of Allegan, state of Michigan

14. Plaintiff Dedrich worked for Defendant The Allegan County Resource Development Committee as an employee from November 2012 until October 11, 2016.

15. Plaintiff has executed her consent to sue form, attached hereto as *Exhibit A*.

16. Defendant The Allegan County Resource Development Committee (hereinafter referred to as "CAAC") is located at 322 Water Street, Allegan, Michigan 49010 and does business as Community Action of Allegan County.

17. Defendant CAAC is a public agency serving the public of Allegan County.

18. Defendant AccessPoint Human Resources (hereinafter referred to as "AccessPoint") is a domestic limited liability company located in Oakland County, Michigan and located at 28800 Orchard Lake Road, Allegan, Michigan 48334.

19. Defendant AccessPoint and Defendant CAAC are and were at all time relevant joint employers who made decisions regarding Plaintiff's time worked and compensation paid.

20. Defendant Evans is and was at all relevant times the Director of CAAC.

21. Defendant Evans plays a substantial management role in CAAC, including but not limited to having input as to the everyday operations for CAAC, supervising employees, assigning employment tasks, setting the schedule for employees, hiring and terminating employees and overseeing the operations of CAAC.

22. Defendant CAAC is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

23. Defendant AccessPoint is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

24. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

25. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

26. Defendants underpaid Plaintiff for both overtime and straight time worked.

27. Defendants altered the time records of Plaintiff to show no overtime hours worked.

## PLAINTIFF ALEESHA DEDRICH

28. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

29. At all relevant times, Defendants were Plaintiff Dedrich's employer and the Defendants were engaged in interstate commerce as defined in the FLSA.

30. At all relevant times, Plaintiff performed general labor for Defendants.

31. While Plaintiff Dedrich was employed by Defendants, Plaintiff was paid at an hourly rate originally, and then a salary amount.

32. Plaintiff Dedrich's compensation changed from hourly to salary when Defendant AccessPoint became a joint employer with Defendant CAAC in approximately January 2016.

33. Plaintiff typically worked at least fifty-five (55) hours in a workweek.

34. Plaintiff Dedrich was employed by Defendant CAAC as a Home Visitor.

35. As a Home Visitor, Plaintiff Dedrich was required to be at the office at 8:00a.m. on Mondays, the rest of the day varied depending on whether or not there were emergencies she was required to attend to.

36. Tuesday through Friday, Plaintiff Dedrich worked approximately 8:00a.m.- 8:00p.m..

37. Plaintiff was instructed by Defendants to enter 8:00a.m. - 4:00p.m. in AccessPoint, CAAC's time management system, regardless of the actual hours worked by Plaintiff Dedrich.

38. Plaintiff Dedrich would also perform work duties from home, which included but was not limited to, lesson planning, responding to calls from families, and preparing for events.

39. Plaintiff Dedrich was paid overtime until the start of 2016, at which time her compensation switched to salary and she was no longer paid overtime.

40. Plaintiff Dedrich ceased working for Defendants on or about October 11, 2016.

41. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

42. Defendants did not compensate Plaintiff Dedrich the required wages for all work performed.

## WILLFUL VIOLATION OF FLSA

43. Defendants routinely told Plaintiff that she was being compensated adequately.

44. Defendants specifically told Plaintiff not to record any overtime hours in the timekeeping system managed by AccessPoint.

45. Defendants were aware that Plaintiff was not receiving overtime compensation.

46. Defendants were aware that Plaintiff was not being compensated correctly.

47. Defendants utilized their business to subvert their obligations under state and federal law.

48. Defendants knew or should have known that Plaintiff was entitled to be compensated, at the appropriate rate, for all time worked.

49. Plaintiff was misled as to her rights to receive compensation at the correct rate for all hours worked due to the fact that Plaintiff was told by Defendants not to record more than eight (8) hours in a day regardless of the actual number of hours worked.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## RETALIATION

51. Since Plaintiff Dedrich filed her internal complaint on June 29, 2016, Defendant Lisa Evans has been harassing and discriminating against Plaintiff Dedrich in a retaliatory manner.

52. After the internal complaint was filed, Defendant Evans would roll her eyes at Plaintiff Dedrich and respond rudely when Plaintiff greeted her or had any interaction with Defendant Evans.

53. Defendant Evans would not acknowledge Plaintiff Dedrich's presence or respond to any questions or concerns she voiced.

54. Defendant Evans would ignore Plaintiff Dedrich in staff meetings, even when Dedrich raised her hand to indicate she had a question.

55. Defendant Evans pulled Plaintiff Dedrich into her office to write her up or discipline her numerous times after the complaint was made.

56. Plaintiff did not have any disciplinary issues in more than three years she had worked at CAAC prior to Plaintiff addressing Defendants' illegal activity, namely time and compensation policies.

57. Defendant Evans constantly undermined Plaintiff's ability to do her job correctly. This included rescheduling appointments Plaintiff had already scheduled, not being available when she was supposed to meet with Plaintiff and not responding when Plaintiff would contact her.

58. Defendant Evans took away some of Plaintiff's decision making authority.

59. Defendant Evans threatened Plaintiff with "severe consequences," including a lawsuit.

60. Defendant Evans disciplined Plaintiff multiple times after the filing of the internal complaint.

61. Defendant Evans did not act this way towards any other CAAC employees during this time.

62. Plaintiff Dedrich was paid by Defendants by direct deposit.

63. Once Plaintiff ceased working for Defendants, Defendant Evans withheld her last paycheck from her, required her to come to the office to retrieve it and then harassed her when Plaintiff attempted to receive her paycheck.

64. Plaintiff Dedrich did not give permission to Defendant Evans to stop her direct deposit.

65. Plaintiff was subjected to unwelcome gestures, hostile remarks, humiliating comments, warnings and chastising by Defendant Evans because of she made the original internal complaint.

66. The harassment toward the Plaintiff was sufficiently frequent and severe to adversely affect the terms and conditions of her employment and to create an atmosphere of inferiority, isolation and intimidation.

67. The effect of the practices complained of in this Complaint has been to deprive the Plaintiff of her right to complain about illegal employment practices.

68. The unlawful employment practices complained of in this Complaint were and are intentional.

69. The unlawful employment practices complained of in this Complaint were and are done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

70. Plaintiff hereby incorporates and realleges all the paragraphs above.

71. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

72. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

73. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

74. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

75. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

76. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

77. Defendants violated the FLSA by instructing Plaintiff not to record all hours worked.

78. Defendants' violations of the FLSA were knowing and willful.

79. As a result of Defendants' violation, Plaintiff is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3) DEFENDANT EVAN'S RETALIATION AGAINST PLAINTIFF DEDRICH

80. Plaintiff realleges and incorporates herein all previous paragraphs.

81. Defendant Lisa Evans, an agent acting on behalf of the Defendant CAAC, has threatened, harassed and intimidated Plaintiff.

82. As Defendant Evans is an agent of CAAC, CAAC engaged in and is liable for the retaliation as well.

83. Defendants behaved in a manner aimed to threaten, harass and intimidate Plaintiff. This constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

84. Defendants Evans and CAAC knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of her rights.

## COUNT III
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

85. Plaintiff hereby incorporates and realleges all the paragraphs above.

86. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

87. Defendants were an "employer" as defined under the WOWA at all relevant times.

88. Plaintiff was an "employee" as defined under the WOWA at all relevant times.

89. Defendants regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

90. Defendants did not pay Plaintiff one-and-a-half times her regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

91. Defendants did not pay Plaintiff the minimum wage for all hours worked by Plaintiff as mandated by WOWA.

92. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees.

93. Plaintiff is therefore entitled to her unpaid overtime wages as well as an equal amount as liquidated damages.

94. Plaintiff is also entitled to costs and reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff request the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants willfully violated the WOWA;

C. An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to her under the FLSA;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

E. Defendants be ordered to pay Plaintiff an amount greater than $75,000 for violating FLSA's retaliation provision;

F. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

G. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

H. An Order awarding such other and further relief as this Court deems appropriate.

# REQUEST FOR TRIAL BY JURY

     NOW COMES Plaintiff, by through her attorney, Robert Anthony Alvarez, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: February 21, 2017                                  Respectfully Submitted,

                                                        */s/   Robert Anthony Alvarez*          .
                                                        Robert Anthony Alvarez (P66954)
                                                        Attorney for Plaintiffs
                                                        Avanti Law Group. PLLC
                                                        600 28th Street SW
                                                        Wyoming, MI 49509
                                                        (616) 257-6807
                                                        ralvarez@avantilaw.com


# VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.


Date: _____          _____
                                                                  Aleesha Dedrich